721 So.2d 530 (1998)
Wendy JONES, appearing for and on Behalf of her minor child, Brandon D. COOPER, Plaintiffs-Appellants,
v.
W.T. HENNING ELEMENTARY SCHOOL PRINCIPAL, Charles Ritchie and Calcasieu Parish School Board, Defendants-Appellees.
No. 98-470.
Court of Appeal of Louisiana, Third Circuit.
October 28, 1998.
*531 Glen D. Vamvoras, Lake Charles, for Wendy Jones, etc.
James Spruel, ADA, for W.T. Henning Elementary School Principal, etc.
Before DECUIR, AMY and PICKETT, JJ.
PICKETT, Judge.
The plaintiff, Wendy Jones, appeals a judgment of the trial court denying her petition for injunctive relief. For the reasons set out below, we affirm.

FACTS
During the 1997-1998 school year, Brandon D. Cooper (Brandon) was a second-grader at W.T. Henning Elementary School (W.T. Henning) in Sulphur, Louisiana. Brandon's mother, Wendy Jones (Jones), promised him that he could get his ear pierced if his behavior at school improved. After Brandon's behavior improved, Jones decided to make good on her promise. As Jones checked Brandon out of school, W.T. Henning's principal, Charles Ritchie (Ritchie), informed her that boys were not allowed to wear earrings at school.[1] Jones, however, ignored Ritchie's warning and had Brandon's ear pierced. When Brandon returned to school wearing an earring the next day, Ritchie sent him home. Thereafter, Jones sent Brandon to school on numerous occasions wearing his earring, and each time he was sent home by Ritchie. Eventually, Brandon was suspended for habitual violation of the school dress code on October 22, 1997. On November 3, 1997, Jones, on behalf of Brandon, filed a petition for injunctive relief seeking a temporary restraining order against Ritchie for his refusal to allow Brandon to wear his earring to school. Jones amended her original petition by adding the Calcasieu Parish School Board (School Board) as a defendant on November 12, 1997. Following a hearing on the matter on November 14, 1997, the trial court orally ruled in favor of Ritchie and the School Board. A formal judgment to this effect was signed on January 20, 1998. Jones now appeals.

FACTS
Jones asserts one assignment of error in her appeal, namely: The trial court erred in misapplying the law to the facts of the case. The issues presented in Jones' appeal are: (1) whether the gender-based rule was substantially related to the achievement of important government objectives; and (2) whether the state demonstrated persuasive justification for the gender-based rule.
La.Code Civ.P. art. 3601 provides that "[a]n injunction shall issue in cases *532 where irreparable injury, loss, or damage may otherwise result to the applicant." The trial court has great discretion to grant or deny injunctive relief, and its determination should not be disturbed absent manifest abuse of discretion. Robbins v. State Through State Land Office, 97-671 (La.App. 3 Cir. 12/17/97); 704 So.2d 961.
In the instant case, Jones appeals the trial court's denial of her petition for injunctive relief prohibiting the enforcement of W.T. Henning's rule banning the wearing of earrings by males. The equal protection clause of the Fourteenth Amendment of the United States Constitution provides that no person shall be denied equal protection of the laws. However, "[e]qual protection does not mandate equal treatment." Ogden Oil Co., Inc. v. Venture Oil Corp., 490 So.2d 725, 729 (La.App. 3 Cir.1986). "To withstand scrutiny under the Equal Protection Clause, classifications by gender must serve important governmental objectives and must be substantially related to achievement of those objectives." Orr v. Orr, 440 U.S. 268, 269, 99 S.Ct. 1102, 1106, 59 L.Ed.2d 306 (1979). In such cases, the burden is on the proponent of the classification to establish that the classification furthers an appropriate governmental objective. Manuel v. State, 95-2189 (La.3/8/96); 692 So.2d 320; Moore v. RLCC Technologies, Inc., 95-2621 (La.2/28/96); 668 So.2d 1135.
Throughout the proceedings, Jones has contended that enforcement of this gender-based rule is unrelated to the objectives of W.T. Henning. However, Ritchie and the School Board presented several reasons that the earring ban for male students was related to education. The trial court agreed, finding three legitimate objectives for the rule: (1) the avoidance of disruption and distraction in the classroom; (2) the fostering of respect for authority and discipline; and (3) the conformation to community standards. We agree with the trial court's findings.
The primary objective of school officials and teachers is the education of the young people in their charge. If a teacher, or principal, is unable to establish discipline and maintain an orderly learning environment, the objective of education cannot be met. In today's society, where educators must compete for their students' attention against numerous outside influences, there is a greater necessity to ensure that students are given the opportunity to learn in a positive and orderly environment free from distractions. The evidence presented in this matter clearly shows that a male student wearing an earring can disrupt an elementary classroom. It is not a common occurrence for boys in elementary school grades to wear earrings, and the presence of one will surely cause a distraction in the classroom. As such, we find it reasonable for a school, or principal, to ensure the avoidance of distractions in the classroom through the implementation of a consistent dress code. Furthermore, we find that it is a valid educational objective to inspire discipline and form a positive learning environment, and that it is reasonable to allow a school to reflect the values of the community in which it is located through the use of a valid dress code. Accordingly, we find that the trial court did not abuse its discretion in denying Jones' petition for injunctive relief.

DISPOSITION
For the foregoing reasons, the judgment of the trial court denying Wendy Jones' petition for injunctive relief is hereby affirmed. All costs of this appeal are assessed to plaintiff-appellant, Wendy Jones.
AFFIRMED.
NOTES
[1] W.T. Henning's student handbook lists dress and grooming rules. Rule Number Nine states that "[e]arrings on boys are prohibited."